**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEAN ROBERT JEUNE, | No.   16-73539 |
| Petitioner, | Agency No. A205-533-812 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2022[**]
Portland, Oregon

Before:  GRABER and BEA, Circuit Judges, and REISS,[***] District Judge.

Petitioner Jean Robert Jeune, a native and citizen of Haiti, seeks review of

the decision of the Board of Immigration Appeals ("BIA") affirming the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Christina Reiss, United States District Judge for the District of Vermont, sitting by designation.

immigration judge's denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  Because the parties are familiar with the facts, we recite only those necessary to decide the petition.  We review whether the BIA's factual findings are supported by substantial evidence, see Aden v. Wilkinson, 989 F.3d 1073, 1079 (9th Cir. 2021), and deny the petition.

1.      To be eligible for asylum relief, Petitioner must establish that he is a "refugee."  Hanna v. Keisler, 506 F.3d 933, 937 (9th Cir. 2007) (quoting 8 U.S.C. § 1101(a)(42)).  Petitioner can so establish in two ways: by showing either "past persecution on account of a protected ground," thus creating a presumption of fear of future persecution rebuttable by evidence of "a fundamental change in circumstances," or by "actually showing a well-founded fear of future persecution" on account of a protected ground.  Id. (citations omitted).  Below, the BIA assumed that Petitioner demonstrated past persecution but concluded that the government had established a "fundamental change in circumstances" that rendered Petitioner's fear of future persecution ill-founded.  Substantial evidence supports this determination.  Even assuming that Petitioner suffered past persecution, he had no well-founded fear of future persecution because of a fundamental change in circumstances: the dissolution of the persecuted organization to which Petitioner belonged.

2.      Because Petitioner failed to establish eligibility for asylum, he also

2

failed to meet the more stringent standard for withholding of removal. <u>See</u>

<u>Sowe v. Mukasey</u>, 538 F.3d 1281, 1288 (9th Cir. 2008) ("When the government

rebuts an applicant's well-founded fear of future persecution, it defeats the

applicant's asylum claim, <u>and</u> his or her claim for withholding of removal.").

3.      Finally, the BIA permissibly concluded that Petitioner failed to

establish that it is "more likely than not" that he would be tortured if returned to

Haiti.  <u>Benedicto v. Garland</u>, 12 F.4th 1049, 1063 (9th Cir. 2021).  Accordingly,

the BIA properly denied his application for CAT relief.

**PETITION DENIED.**